IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENNY R. SMITH,

            Plaintiff,

                                CIVIL ACTION
     vs.                            No. 05-3403-SAC

ROGER WERHOLTZ, et al.,

            Defendants.


ORDER


    This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. 1983. Plaintiff, a prisoner in state custody, seeks certification of this matter as a class action. He proceeds pro se and seeks leave to proceed in forma pauperis.

    Plaintiff challenges the mandatory savings program instituted by the Kansas Department of Corrections. This program requires prisoners to set aside a portion of any funds received for use upon release. Plaintiff argues that because he is over 50 years of age and is serving a lengthy period without parole, he may never benefit from the mandatory savings program. He argues the program is unfair as applied

to him and others similarly situated.

The Prison Litigation Reform Act of 1996 established that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 524-25 (2002).

This exhaustion requirement applies "[e]ven where the 'available' remedies would appear to be futile at providing the kind of remedy sought". Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)(citing Booth v. Churner, 532 U.S. 731, 740 (2001)). The burden is on the prisoner to establish exhaustion, either by supplying documentation of exhaustion or by describing with specificity all efforts to use the prison grievance. Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1209-10 (10th Cir. 2003), cert. denied, 125 S.Ct. 344 (2004).

In Kansas, a state prisoner must first seek informal resolution of a grievance, and then must pursue the formal grievance procedure by presenting the claim to the Unit Team, then to the Warden, and finally to the Secretary of the Department of Corrections. See K.A.R. 44-15-101 - 44-15-106.

The court has examined the record and finds no grievance addressing the claim set forth in this action.  Plaintiff has submitted only a copy of correspondence he received from the facility warden in August 2005.  Unless plaintiff can demonstrate that he has presented his claim through the full administrative grievance procedure, the court must dismiss this matter without prejudice to allow him to do so.  See Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004)("the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice.")

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including November 14, 2005, to show cause why this matter should not be dismissed without prejudice.  The failure to file a timely response may result in the dismissal of this matter without prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 26th day of October, 2005.

3

```
S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge
```