```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS


BENNY R. SMITH,

              Plaintiff,
                                    CIVIL ACTION
     vs.                            No. 05-3403-SAC

ROGER WERHOLTZ, et al.,


              Defendants.
```

### ORDER

By an order entered on October 26, 2005 (Doc. 3), the court directed plaintiff to show cause why this matter should not be dismissed without prejudice due to his failure to exhaust administrative remedies. Plaintiff filed an interlocutory appeal from that order (Doc. 4). The appeal was dismissed on November 21, 2005 (Doc. 12).

On January 24, 2006, plaintiff submitted an amended complaint (Doc. 13) which alleges harassment based upon the issuance of a disciplinary charge. Plaintiff has not responded to the court's initial order concerning his apparent failure to exhaust administrative remedies, nor does the amended complaint suggest the plaintiff has fully utilized

either disciplinary or administrative grievance procedures concerning his claim of harassment.

As set forth in the court's initial order, under the Prison Litigation Reform Act of 1996, a prisoner must use available administrative remedies before commencing a federal action "with respect to prison conditions". 42 U.S.C. § 1997e(a). Where a complaint includes an unexhausted claim, the district court must dismiss the action without prejudice. Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

Because plaintiff has not demonstrated his use of available administrative remedies, the court will dismiss this matter without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice due to plaintiff's failure to comply with 42 U.S.C. § 1997e(a).

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 15th day of February, 2006.

                    S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge